# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

JOSHUA R. RANGEL, #75351-004                            PETITIONER

VERSUS                               CIVIL ACTION NO. 5:09-cv-210-DCB-MTP

UNITED STATES and BRUCE PEARSON                      RESPONDENTS

## MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal. Petitioner Rangel, an inmate at the Federal Correctional Complex, Yazoo City, Mississippi, filed this Petition for habeas corpus relief pursuant to 28 U.S.C. § 2241, on December 15, 2009. Upon review of the Petition [1], Memorandum in Support [2] and Response [6], filed by the Petitioner, the Court has reached the following conclusions.

## Background

Petitioner pled guilty to and was convicted of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and possession of a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(1), in the United States District Court for the Southern District of Florida. U.S. v. Rangel, 2:05-cr-14080-KAM-1 (S.D. Fla. Feb. 24, 2006). On February 24, 2006, Petitioner was sentenced to serve a total of 117 months in the custody of the Bureau of Prisons, followed by a four- year term of supervised release.[1] Petitioner did not file a direct appeal of his conviction and, to date, he has not filed a motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.

---

[1] The Southern District of Florida issued an Amended Judgment [31] on May 31, 2006, which added special conditions to Petitioner's term of supervised release.

Petitioner's asserts the following grounds for habeas relief in this Petition:

(1) 18 U.S.C. § 924(c) criminalizes two separate and distinct offenses;

(2) Pursuant to Bailey v. United States, 516 U.S.137 (1995), Rangel is legally, factually, and actually innocent of the 'use' offense codified under 18 U.S.C. § 924(c);

(3) Rangel's judgment and commitment order erroneously and unlawfully committed him to the custody of the United States Bureau of Prisons for the non-existing federal offense of the possession of a firearm during a drug trafficking crime; and

(4) In the case at bar, the imposition of U.S.S.G. §2D1.1(b)(1) two- level weapon enhancement would have been a more appropriate and sufficient punishment and one not greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a).

Mem. in Supp. [2], p. 4- 8. As relief, Petitioner is requesting that this Court "vacate the erroneously imposed § 924(c) sentence, and impose the more appropriate U.S.S.G. §201.1(b)(1) two-level weapon enhancement." Pet. [1], p.5.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. INS, 106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990). Furthermore, "a petition for a writ of habeas corpus pursuant to section 2241 is not a substitute for a motion under section 2255." Pack, 218 F.3d at 452 (citations omitted). Thus, the Court does not have jurisdiction pursuant to 28 U.S.C.

§ 2241 to address the constitutional issues presented by Petitioner Rangel, because his claims clearly regard the actual validity of his conviction and sentence. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack, 218 F.3d at 452.

However,"§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the so-called § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[2] Petitioner must demonstrate that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention" to proceed under the "savings clause." In order to satisfy the stringent "inadequate or ineffective" requirement, Petitioner's claim must be based on a retroactive Supreme Court decision which establishes that he may have been convicted of a nonexistent offense and the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the Petitioner's trial, appeal, or first § 2255 motion. Id. at 904. Furthermore, Petitioner "bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452.

Petitioner claims that he should be allowed to proceed under the "savings clause" because he is actually innocent of his firearm charge based on the United States Supreme Court's decision in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). Petitioner further relies on the United States Supreme Court decision of Roe v. Flores-Ortega, 528 U.S.

---

[2] 28 U.S.C. § 2255: "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*."

3

470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000),[3] to assert that he was unable to raise this issue on direct appeal because of "his [attorney's] failure to file the requested notice of appeal." Mem. in Supp. [2], p.4. Lastly, Petitioner asserts that he is unable to bring this claim under § 2255, because it would be time- barred, therefore, his § 2255 remedy is inadequate or ineffective, entitling him to proceed under the "savings clause." Id.

As stated above, Petitioner's claims are based on the United States Supreme Court decisions of Bailey v. United States, 516 U.S. 137 (1995), and Roe v. Flores-Ortega, 528 U.S. 470 (2000). The decision in Bailey was issued in 1995, and the decision in Roe was issued in 2000. As stated above, Petitioner was convicted and sentenced in May of 2006. Thus, these decisions were not "foreclosed by circuit law" at the time for Petitioner's direct appeal or a first § 2255 motion. See, e.g., Thomas v. BOP, 37 Fed. App'x 712 (5th Cir.2002)(Petitioner's reliance on a United States Supreme Court opinion that was available at his sentencing and on direct appeal fails to meet the "savings clause" requirements). In addition, a "prior unsuccessful § 2255 motion, or the inability to meet AEDPA's 'second or successive' requirement does not make § 2255 inadequate or ineffective." Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir.2000); see also Pierre v. Justice, 222 Fed. App'x 415 (5th Cir. 2007)(§ 2255 motion dismissed as time-barred failed to establish the inadequacy or ineffectiveness of the § 2255 remedy). Therefore, Petitioner's claims do not meet the stringent requirements of the "savings clause" and he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

## Conclusion

---

[3]Roe addressed the availability of an out- of- time appeal for a petitioner asserting an ineffective assistance of counsel claim based on his attorney's failure to timely file a notice of appeal, after the petitioner requested that he file an appeal.

4

As explained above, § 2241 is not the proper forum to assert Petitioner's claims and he has not met the requirements to proceed under the "savings clause." Therefore, this Petition shall be dismissed as frivolous and to the extent that the Petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction, with prejudice**.** See Ojo v. INS, 106 F.3d 680, 683 (5th Cir.1997).

A Final Judgment in accordance with this Memorandum Opinion shall be issued.

SO ORDERED, this the   23rd   day of February, 2010.

                                           s/ David Bramlette
                                      UNITED STATES DISTRICT JUDGE